```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN MECCA, Pro Se as Sovereign
Person of the United States,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           22-CV-2208(JS)(ST)

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Soundview
Home Loan Trust 2004-WMCI
Asset-Backed Certificates, Series
2004-WMCI,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      John Mecca, pro se
                    119 Whittier Drive
                    Kings Park, New York 11754

For Defendant:      No appearance.
```

SEYBERT, District Judge:

Before the Court is the application to proceed in forma pauperis ("IFP") filed by pro se plaintiff John Mecca ("Plaintiff") in connection with his Complaint against Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2004-WMCI Asset-Backed Certificates, Series 2004-WMCI ("Deutsche Bank" or "Defendant") (Compl., ECF No. 1); (IFP Mot., ECF No. 2). Plaintiff has also filed a successive IFP motion, two motions for a preliminary injunction ("PI"), as well as a motion for a temporary restraining order ("TRO"). (PI Mot. I, ECF No. 3; PI Mot. II, ECF No. 6; IFP Mot. II, ECF No. 13; TRO Mot., ECF No. 14.)

For the reasons that follow, Plaintiff's IFP application is GRANTED; however, the Complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff's second IFP motion and requests for injunctive relief are DENIED.

BACKGROUND

I. The Complaint[1]

Plaintiff's Complaint, which is 38 pages long with almost 1000 pages of exhibits attached, was filed pursuant to 42 U.S.C. § 1983 ("Section 1983") against Deutsche Bank. (See generally Compl.) The Complaint purports to allege a deprivation of Plaintiff's Fifth and Fourteenth Amendment rights in connection with an underlying state court mortgage foreclosure action. (See id. at 1.) The property in dispute is Plaintiff's residence, 119 Whittier Drive, Kings Park, New York (the "Property"). (Id. at 2-3.) According to the Complaint, Defendant "produced with the lower Supreme and Appellate courts an unconstitutional foreclosure decision under color of law against Plaintiff John Mecca." (Id.) The gravamen of the present Complaint is that the state court orders are invalid because Defendant: (1) did not produce "the true original note and mortgage documents" and instead brought

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

copies of those documents to state court; and (2) lacked "standing to bring their foreclosure case" in the absence of those original documents. (Id. at 4-5.)

A judgment of foreclosure was entered by Suffolk County Supreme Court on February 13, 2018 under Index No. 602190/2015 and Plaintiff appealed. (See id. Exs. A, A-1, B.) By Decision and Order dated February 23, 2022, the Appellate Division, Second Department affirmed the judgment of foreclosure and sale. The Appellate Division summarized the history of Plaintiff's state court litigation as follows:

> On August 6, 2004, the defendant John Mecca executed a note with Coastal Capital Corp., doing business as The Mortgage Shop, in the sum of $342,000. The note was secured by a mortgage on real property. The plaintiff [Deutsche Bank] commenced an action to foreclose the mortgage in 2010 (hereinafter the 2010 action). In the 2010 action, the plaintiff sought to recover the entire balance of the mortgage debt. The Supreme Court directed dismissal of the 2010 action "without prejudice . . . to recommence upon proof of proper standing."
>
> By summons and complaint filed March 4, 2015, the plaintiff [Deutsche Bank] commenced this action against Mecca, among others, to foreclose the mortgage. The plaintiff sought to recover the entire balance of the mortgage debt. Mecca moved to compel the plaintiff to produce various documents, including the original note, for his inspection. The Supreme Court denied this motion. Mecca then moved for leave to renew and reargue his motion to compel. He separately moved, inter alia, to dismiss the complaint insofar as asserted against him on the ground that the

3

>action was barred by the statute of limitations. The plaintiff cross-moved, among other things, for summary judgment on the complaint and dismissing Mecca's affirmative defenses, for an order of reference, and for leave to amend the caption to delete the names "John Doe #1 through John Doe #7."
>
>In an order dated February 13, 2018, the court, inter alia, denied Mecca's motion for leave to renew and reargue his prior motion to compel, denied that branch of his separate motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, and granted the plaintiff's cross motion. In a second order dated February 13, 2018, the court, among other things, struck Mecca's answer and affirmative defenses and referred the matter to a referee to ascertain and compute the amount due and owing to the plaintiff. On May 13, 2019, a judgment of foreclosure and sale was entered, inter alia, confirming the referee's report and directing the sale of the subject property. Mecca appeals.
>
>. . .
>
>Mecca's argument that the denial of his motion to compel was inconsistent with the dismissal of the 2010 action is without merit. The Supreme Court directed dismissal of the 2010 action "without prejudice[ ] to recommence upon proof of proper standing." The plaintiff established that it had standing to commence the instant action by attaching a copy of the note, endorsed in blank, to the complaint (see U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953 [2019]). In opposition, Mecca failed to raise a triable issue of fact. Mecca's remaining contention is without merit.

Deutsche Bank Nat. Trust Co., v. Mecca, 202 A.D.3d 1052, 1053, 163 N.Y.S.2d 595, 597 (N.Y. App. Div. 2d Dep't 2022).

4

Plaintiff alleges here that the state court's denial of his discovery motions violated his federal civil rights. (See Compl. at 5-6.) Accordingly, Plaintiff seeks "to stop the lower State courts orders being enforced" and to "halt the now Defendants Deutsche Bank et al. eviction and sale of Plaintiff John Mecca's house and property," (id. at 7), which is scheduled for July 12, 2022. (See May 31, 2022 Ltr., ECF No. 11.) Plaintiff also seeks to recover $80,000 from Defendant. (Compl. at 6.)

II. Procedural History

Plaintiff is no stranger to this Court, having filed at least five previous pro se complaints related to electromagnetic waves and covert monitoring devices.[2] Given Plaintiff's history of frivolous litigation, the Court entered a litigation bar that enjoined Plaintiff from filing any new actions in this Court related to electromagnetic waves and the covert implementation of monitoring devices, without seeking leave of Court. See Lamb v. Cuomo, No. 16-CV-6568, Filing Injunction Order, ECF No. 13. The instant case, which was commenced on April 18, 2022, pertains to a state court judgment of foreclosure and sale, which is not subject to the filing injunction entered in Lamb.

---

[2] See Lamb v. Cuomo, No. 16-CV-6568; Lamb v. Off. Governor for N.Y., No. 09-CV-1389; Lamb v. U.S.A., No. 07-CV-3705; Mecca v. U.S. Gov't, No. 06-CV-3492; Mecca v. Suffolk Cty. Police Dep't, No. 01-CV-4506.

DISCUSSION

I.  Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II.  Relevant Legal Standards

A.  Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See Neitzke v. Williams, 490 U.S. 319 (1989); Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021); 28 U.S.C. § 1915A.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest

6

[claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original)(internal quotation marks and citations omitted); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)("Even after Twombly, though, we remain obligated to construe a pro se complaint liberally." (citing Erickson v. Pardus, 551 U.S. 89 (2007))).

    B.    Section 1983

    Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

C. The Rooker-Feldman Doctrine[3]

Pursuant to the Rooker-Feldman doctrine, this Court "lack[s] jurisdiction over cases that essentially amount to appeals of state court judgments." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). At its core, the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The Rooker-Feldman doctrine applies where: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." Id. (internal quotation marks and citation omitted). Relevant here, where a plaintiff initiates a federal court action after the entry of a foreclosure judgment, "courts in this Circuit have consistently held that any attack on

---

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (holding that only the Supreme Court can entertain a direct appeal from a state court judgment); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (finding that federal courts do not have jurisdiction over claims which are "inextricably intertwined" with a prior state court determination).

8

a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine." Nath v. JP Morgan Chase Bank, No. 15-CV-3937, 2016 WL 5791193, at *6 (S.D.N.Y. Sept. 30, 2016) (internal citations and quotation marks omitted); see also Borukhov v. Vartolo, No. 19-CV-3395, 2020 WL 5424595, at *2 (E.D.N.Y. Sept. 10, 2020)(Seybert, J.)("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, Rooker-Feldman bars [his] claim.")(quoting Vossbrinck, 773 F.3d at 427)).

III. Application of 28 U.S.C. § 1915

Applying these standards to Plaintiff's Complaint, even with the special solicitude afforded to pro se pleadings, it is readily apparent that Plaintiff's claims must be dismissed because all four of Rooker-Feldman's requirements are satisfied. First, Plaintiff lost in state court when the Appellate Division affirmed the Supreme Court's entry of a judgment of foreclosure and sale against the Property. See Deutsche Bank, 202 A.D.3d 1052 at 1053-54. Second, Plaintiff complains of injuries caused by a state court judgment, namely, that he suffered "hardship, monetary loss, distress, damage to his credit rating and reputation." (See Compl. at 6.) Indeed, the gravamen of the Complaint is that the state court orders have and will continue to harm Plaintiff given the order of eviction and looming sale of the Property. Third, Plaintiff invites review and rejection of the foreclosure judgment

9

based upon his request for this Court to "stop the lower State courts orders being enforced," to halt Defendant from evicting him, and to stop the Property from being sold. (See id. at 6-7.) And fourth, the Appellate Division affirmed the foreclosure judgment on February 23, 2022, which is almost two months before Plaintiff commenced the instant case on April 18, 2022. Thus, all four requirements of the Rooker-Feldman doctrine are satisfied.[4] Accordingly, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims and the Complaint is DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

Moreover, even if Rooker-Feldman did not divest this Court of jurisdiction over Plaintiff's claims, the Complaint must nevertheless be dismissed because it fails to allege a plausible claim for relief. First, to the extent Plaintiff asserts a Section 1983 claim against Defendant, he has not included any allegations

---

[4] Plaintiff's due process claim is an unavailing attempt to confer jurisdiction upon this Court. See, e.g., Castiglione v. Papa, 423 F. App'x 10, 13 (2d Cir. 2011) ("As noted by the District Court, [plaintiff] cannot avoid application of the Rooker-Feldman doctrine simply by 'presenting in federal court a legal theory not raised in state court,' for example, by framing her claims under §§ 1983 or 1985."); Yanping Xu v. Suffolk Cty., No. 19-CV-1362, 2020 WL 3975471, at *6 (E.D.N.Y. July 14, 2020)(applying Rooker-Feldman and explaining that "the Second Circuit has long held that a 'federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court.'" (quoting Hoblock v. Albany Cty. Bd. of Elections, 422 F.2d 77, 87 (2d Cir. 2005))).

10

upon which the Court could reasonably find Defendant, a private corporation, to constitute a state actor or to have committed any state action. Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action." (citing Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982))); see also Flagg v. Yonkers Sav. & Loan Ass'n, FA, 307 F. Supp. 2d 565, 585 (S.D.N.Y. 2004) ("A private entity is not . . . 'a state actor where its conduct is not compelled by the state but is merely permitted by state law.'" (quoting Cranley v. Nat'l Life Ins. Co. of Vt., 318 F.3d 105 (2d Cir. 2003))).

Second, to the extent that Plaintiff purports to pursue a due process claim under the Fifth Amendment, Plaintiff has failed to allege any involvement by a federal actor, rendering such a claim implausible as a matter of law. Hamilton v. New York State Dep't of Corr. & Cmty. Supervision, No. 18-CV-1312, 2019 WL 2352981, at *6 n.12 (N.D.N.Y. June 4, 2019) ("The Fifth Amendment is applicable to federal actors, not state actors." (citing Snow v. Vill. of Chatham, 84 F. Supp. 2d 322, 326 (N.D.N.Y. 2000))).

Third, to the extent any state law claims remain, the Court declines to exercise supplemental jurisdiction over such claims. Federal courts "have supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or

11

controversy." 28 U.S.C. § 1367(a). Stated differently, "[t]he state and federal claims must derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). In deciding whether to exercise supplemental jurisdiction, a district court should balance the "values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Delaney v. Bank of America Corp., 766 F.3d 163, 170 (2d Cir. 2014). Here, having dismissed Plaintiff's federal claims, the Court finds the factors of economy, convenience, fairness, and comity do not support the exercise of supplemental jurisdiction over any remaining state law claims. Accordingly, to the extent the Complaint asserts any state law claims, they are DISMISSED.

IV. Plaintiff's Requests for Injunctive Relief

In light of the Court's ruling that it lacks subject matter jurisdiction over Plaintiff's claims pursuant to the Rooker-Feldman doctrine, it need not address Plaintiff's motions for preliminary injunctions and for a TRO. Corbett v. City of New York, No. 13-CV-0602, 2013 WL 12334603, at *6 (S.D.N.Y. Sept. 17, 2013)("Where a court lacks subject matter jurisdiction over a plaintiff's claims, it may not consider plaintiff's related application for injunctive relief." (citing Borden, Inc. v. Meiji

12

Milk Prods. Co., Ltd., 919 F.2d 822, 825-26 (2d Cir. 1990))); Bey v. Jamaica Realty, No. 12-CV-2141, 2012 WL 1634161, at *1 (E.D.N.Y. May 9, 2012) ("[T]he [pro se] complaint is dismissed and the Court cannot consider plaintiff's request for a temporary restraining order as this Court lacks subject matter jurisdiction over this action.")). Accordingly, Plaintiff's motions for a TRO and for a preliminary injunction are DENIED.

V. Leave to Amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the Complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file an amended complaint. See Flores-Grgas v. New York City Admin. for Children Servs., No. 21-CV-5912, 2021 WL 3501327, at *6 (S.D.N.Y. Aug. 9, 2021).

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED and the successive IFP application (ECF No. 13) is MOOT ;

**IT IS FURTHER ORDERED** that Plaintiff's claims are DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii);

13

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunctions (ECF No. 3; ECF No. 6) are DENIED;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a TRO (ECF No. 14) is DENIED;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

(1)   Enter judgment accordingly;

(2)   Close this case; and

(3)   Mail a copy of this Memorandum & Order to Plaintiff at his address of record.

                                        **SO ORDERED.**

                                        /s/ JOANNA SEYBERT  
                                        Joanna Seybert, U.S.D.J.

Dated:   June 21, 2022  
        Central Islip, New York